IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XENON HEALTH LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:13-cv-01828 |
| MIRZA BAIG, | |
| Defendant. | |

## ANSWER OF DEFENDANT MIRZA BAIG TO AMENDED COMPLAINT

Defendant Mirza Baig ("Baig"), by counsel, files the following Answer in response to the numbered paragraphs set forth in the Amended Complaint (the "Complaint") and denies any allegations not expressly admitted herein:

1. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies the same.

2. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 2 of the Complaint and, therefore, denies the same.

3. Baig admits the allegations set forth in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth conclusions of law to which no response is required, with the sole exception being that Baig admits this matter is between citizens of different states. To the extent that paragraph 4 is deemed to set forth additional allegations of fact to which a response is required, then all such allegations are denied,

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required, with the sole exception being that Baig admits that he resides in the judicial district of the United States District Court for the Eastern District of Virginia (Alexandria Division). To the

extent that paragraph 5 is deemed to set forth additional allegations of fact to which a response is required, then all such allegations are denied,

6. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies the same.

7. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 7 of the Complaint and, therefore, denies the same.

8. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies the same.

9. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 9 of the Complaint and, therefore, denies the same.

10. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies the same.

11. Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required. Moreover, the Texas statute cited in paragraph 11 speaks for itself. To the extent that paragraph 11 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

12. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies the same.

13. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 13 of the Complaint and, therefore, denies the same.

14. Baig admits that he was contacted in May 2011 by his then friend Fahim Hashim, Xenon LLC's Chief Operating Officer. Baig further admits that during the course of his friendship with Hashim, he provided him with advice, both business and personal, and that the two of them

engaged in business together from time to time.  Baig further admits that, in response to an inquiry from Hashim, Baig pointed out to Hashim that Dr. Khan might be a possible option.  Baig denies the remaining allegations set forth in paragraph 14 of the Complaint, as phrased.

15. Baig admits that Dr. Khan is his first cousin and a physician licensed in the State of Texas whose practice area includes, but is not limited to, internal medicine.  Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 15 of the Complaint and, therefore, denies the same.

16. Paragraph 16 of the Complaint sets forth conclusions of law to which no response is required.  Moreover, any alleged agreement speaks for itself.  To the extent that paragraph 16 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

17. Paragraph 17 of the Complaint sets forth conclusions of law to which no response is required.  Moreover, any alleged agreement speaks for itself.  To the extent that paragraph 17 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

18. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies the same.

19. Paragraph 19 of the Complaint sets forth conclusions of law to which no response is required.  Moreover, any alleged agreement speaks for itself.  Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 19 of the Complaint and, therefore, denies the same.

20. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 20 of the Complaint and, therefore, denies the same.

21. Paragraph 21 of the Complaint sets forth conclusions of law to which no response is required. Moreover, any alleged agreement speaks for itself. To the extent that paragraph 21 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

22. Paragraph 22 of the Complaint sets forth conclusions of law to which no response is required. Moreover, any alleged agreement speaks for itself. To the extent that paragraph 22 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

23. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 23 of the Complaint and, therefore, denies the same.

24. Baig denies the allegations set forth in paragraph 24 of the Complaint.

25. Baig denies the allegations set forth in paragraph 25 of the Complaint.

26. Baig denies the allegations set forth in paragraph 26 of the Complaint.

27. Baig denies the allegations set forth in paragraph 27 of the Complaint.

28. Baig admits Naseer Hashim has been a friend with whom he has engaged in business with from time to time and is the brother of Hashim. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 28 of the Complaint and, therefore, denies the same.

29. Baig denies the allegations set forth in paragraph 29 of the Complaint.

30. Baig denies the allegations set forth in paragraph 30 of the Complaint.

31. Baig denies the allegations set forth in paragraph 31 of the Complaint.

32. Baig denies the allegations set forth in paragraph 32 of the Complaint.

33. Baig denies the allegations set forth in paragraph 33 of the Complaint.

34. Baig admits that Dr. Irfan is a friend of his and, upon information and belief, is an anesthesiologist and a Maryland resident. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 34 of the Complaint and, therefore, denies the same.

35. Baig denies the allegations set forth in paragraph 35 of the Complaint.

36. Baig denies the allegations set forth in paragraph 36 of the Complaint.

37. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 37 of the Complaint and, therefore, denies the same.

38. Baig denies the allegations set forth in paragraph 38 of the Complaint.

39. Baig denies that he coerced or directed Ghafoor as alleged in paragraph 39 of the Complaint. Baig further states that the unidentified fax referenced in paragraph 39 speaks for itself. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 39 of the Complaint and, therefore, denies the same.

40. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 40 of the Complaint and, therefore, denies the same.

41. Baig denies that he coerced or directed Ghafoor as alleged in paragraph 41 of the Complaint. Baig further states that the correspondence referenced in paragraph 41 speaks for itself. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 41 of the Complaint and, therefore, denies the same.

42. Baig denies that he coerced or directed Ghafoor as alleged in paragraph 42 of the Complaint. Baig further states that the correspondence referenced in paragraph 42 speaks for itself. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 42 of the Complaint and, therefore, denies the same.

43. Baig admits that he heard after the fact that Hashim visited the Texas Clients on or about January 2012. Baig denies all remaining allegations set forth in paragraph 43 of the Complaint.

44. Baig denies that he directed or coerced Hashim as alleged in paragraph 44 of the Complaint. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 44 of the Complaint and, therefore, denies the same.

45. Baig denies that he directed or coerced Hashim as alleged in paragraph 45 of the Complaint. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 45 of the Complaint and, therefore, denies the same.

46. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 46 of the Complaint and, therefore, denies the same.

47. Baig admits that Abedeen was his college classmate and that he heard after the fact that Abedeen left a voicemail with a doctor. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 47 of the Complaint and, therefore, denies the same.

48. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 48 of the Complaint and, therefore, denies the same.

49. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 49 of the Complaint and, therefore, denies the same.

50. Baig affirmatively states that the alleged email speaks for itself. Baig is without sufficient information to respond to the veracity of any remaining allegations set forth in paragraph 50 of the Complaint and, therefore, denies the same.

51. Baig affirmatively states that the alleged email speaks for itself. Baig is without sufficient information to respond to the veracity of any remaining allegations set forth in paragraph 51 of the Complaint and, therefore, denies the same.

52. Baig affirmatively states that the alleged email speaks for itself. Baig is without sufficient information to respond to the veracity of any remaining allegations set forth in paragraph 52 of the Complaint and, therefore, denies the same.

53. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 54 of the Complaint and, therefore, denies the same.

54. Baig denies the allegations set forth in paragraph 54 of the Complaint.

55. Baig admits that he was aware Hashim established Strategy Anesthesia LLC but denies the remaining allegations set forth in paragraph 55 of the Complaint.

56. Baig admits the allegations set forth in paragraph 56 of the Complaint.

57. Baig admits that he provided funds to the company but denies the remaining allegations set forth in paragraph 57 of the Complaint.

58. Baig affirmatively states that he has no knowledge that any of the alleged conduct set forth in paragraph 58 of the Complaint took place.

59. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 59 of the Complaint and, therefore, denies the same.

60. Baig denies that he reviewed and had "full knowledge" of the referenced agreements. Baig denies any remaining allegations set forth in paragraph 60 of the Complaint.

61. Baig denies that he solicited through Strategy a medical facility operated by Dr. Umed Shah in Hollywood, MD based upon the facility's alleged existence in Xenon's confidential, password-protected business development database. Baig is without sufficient information to

7

respond to the veracity of the remaining allegations set forth in paragraph 61 of the Complaint and, therefore, denies the same.

62. Baig denies the allegations set forth in paragraph 62 of the Complaint.

63. Baig admits that Dr. Shah was a family acquaintance well before the alleged unlawful usurping of the Shah Facility. Baig denies that the statement of Ghafoor, which speaks for itself, was an admission on the part of Baig. Baig denies any remaining allegations set forth in paragraph 63 of the Complaint.

64. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 64 of the Complaint and, therefore, denies the same.

65. Paragraph 65 of the Complaint sets forth conclusions of law to which no response is required. To the extent that paragraph 65 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

66. Baig affirmatively states that the alleged correspondence speaks for itself. Baig is without sufficient information to respond to the veracity of any remaining allegations set forth in paragraph 66 of the Complaint and, therefore, denies the same.

67. Baig denies that he coerced or directed Dr. Khan as alleged in paragraph 67 of the Complaint. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 67 of the Complaint and, therefore, denies the same.

68. Baig affirmatively states that the alleged Order speaks for itself. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 68 of the Complaint and, therefore, denies the same.

69. Baig affirmatively states that the alleged Court action speaks for itself. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 69 of the Complaint and, therefore, denies the same.

70. Baig affirmatively states that the alleged bank account statement speaks for itself. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 70 of the Complaint and, therefore, denies the same.

71. Baig denies that he coerced or directed Dr. Khan as alleged in paragraph 71 of the Complaint. Baig is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 71 of the Complaint and, therefore, denies the same.

72. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 72 of the Complaint and, therefore, denies the same.

73. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 73 of the Complaint and, therefore, denies the same.

74. Baig is without sufficient information to respond to the veracity of the allegations set forth in paragraph 74 of the Complaint and, therefore, denies the same.

75. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 75 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then all such allegations are denied.

76. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 76 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then all such allegations are denied.

77. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 77 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then all such allegations are denied.

78. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 78 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then all such allegations are denied.

79. Upon information and belief, Baig admits that Toor resides in the State of Maryland.

80. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 80 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then Baig admits that Hashim made him aware at one point that he had signed an employment agreement with Xenon LLC. Baig denies any remaining allegations set forth in paragraph 80 of the Complaint.

81. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 81 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then Baig admits that he realized if Dr. Chaudhry's contracts with Dr. Khan were invalid as a matter of law that Xenon TX would retain the two Texas clients, for so long as those clients desired, which could result in continued income. Baig denies any remaining allegations set forth in paragraph 81 of the Complaint.

82. Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 82 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then all such allegations are denied.

83.     Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 83 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then Baig denies that he "always made the final decisions and told everyone what to do" and further affirmatively states that he is without sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 83 of the Complaint and, therefore, denies the same.

84.     Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 84 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, Baig had discussions with Dr. Khan about removing Dr. Chaudhry from the bank account based upon several concerns, including but not limited to, his possible fraudulent billing practices, failure to pay payroll taxes, failure to pay medical providers and potential loss of his license. Baig denies all remaining allegations set forth in paragraph 84 of the Complaint.

85.     Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 85 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, Baig admits that he had conversations and meetings with Ghafoor and Hashim wherein Xenon TX was mentioned or discussed. Baig denies all remaining allegations set forth in paragraph 85 of the Complaint.

86.     Baig affirmatively states that the alleged affidavit speaks for itself. To the extent that paragraph 86 of the Complaint sets forth allegations of fact as opposed to a mere recitation of words set forth in a purported affidavit, then Baig denies that he was questioned by Hashim several times as alleged in paragraph 86 of the Complaint and further affirmatively states that he is without

sufficient information to respond to the veracity of the remaining allegations set forth in paragraph 86 of the Complaint and, therefore, denies the same.

87. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 87 of the Complaint.

88. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 88 of the Complaint.

89. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 89 of the Complaint.

90. Baig admits that he has sent emails to Hashim in the past and that the December 24, 2011, email speaks for itself. Baig denies any remaining allegations set forth in paragraph 90 of the Complaint.

91. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 91 of the Complaint.

92. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 92 of the Complaint.

93. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 93 of the Complaint.

94. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 94 of the Complaint.

95. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 95 of the Complaint.

96. Baig denies that he threatened Dr. Chaudhry or claimed that he would have federal charges brought against Dr. Chaudhry and that Dr. Chaudhry would go to jail. Baig admits the remaining allegations set forth in paragraph 96 of the Complaint.

97. Baig affirmatively states that the alleged email speaks for itself. Baig denies any remaining allegations set forth in paragraph 97 of the Complaint.

98. Baig admits the allegations set forth in paragraph 98 of the Complaint.

**COUNT I:  TORTIOUS INTERFERENCE WITH DR. CHAUDHRY'S CONTRACTUAL RELATIONS**

99. Baig incorporates by reference the responses set forth in paragraphs 1-98 herein.

100. Paragraph 100 of the Complaint sets forth conclusions of law to which no response is required. To the extent that paragraph 100 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

101. Paragraph 101 of the Complaint sets forth conclusions of law to which no response is required. To the extent that paragraph 101 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

102. Baig denies the allegations set forth in paragraph 102 of the Complaint.

103. Baig denies the allegations set forth in paragraph 103 of the Complaint.

104. Baig denies the allegations set forth in paragraph 104 of the Complaint.

105. Baig denies the allegations set forth in paragraph 105 of the Complaint.

106. Baig denies the allegations set forth in paragraph 106 of the Complaint.

**COUNT II:  TORTIOUS INTERFERENCE WITH XENON LLC'S CONTRACTUAL RELATIONS**

107. Baig incorporates by reference the responses set forth in paragraphs 1-106 herein.

108. Paragraph 108 of the Complaint sets forth conclusions of law to which no response is required. To the extent that paragraph 108 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

109. Baig denies the allegations set forth in paragraph 109 of the Complaint.

110. Baig denies the allegations set forth in paragraph 110 of the Complaint.

111. Baig denies the allegations set forth in paragraph 111 of the Complaint.

112. Baig denies the allegations set forth in paragraph 112 of the Complaint.

113. Baig denies the allegations set forth in paragraph 113 of the Complaint.

### COUNT III:  TORTIOUS INTERFERENCE WITH XENON LLC'S EMPLOYMENT CONTRACT WITH HASHIM

114. Baig incorporates by reference the responses set forth in paragraphs 1-113 herein.

115. Paragraph 115 of the Complaint sets forth conclusions of law to which no response is required. To the extent that paragraph 115 is deemed to set forth allegations of fact to which a response is required, then all such allegations are denied.

116. Baig denies the allegations set forth in paragraph 116 of the Complaint.

117. Baig denies the allegations set forth in paragraph 117 of the Complaint.

118. Baig denies the allegations set forth in paragraph 118 of the Complaint.

119. Baig denies the allegations set forth in paragraph 119 of the Complaint.

120. Baig denies the allegations set forth in paragraph 120 of the Complaint.

### COUNT IV:  TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

121. Baig incorporates by reference the responses set forth in paragraphs 1-120 herein.

122. Baig denies the allegations set forth in paragraph 122 of the Complaint.

123. Baig denies the allegations set forth in paragraph 123 of the Complaint.

124. Baig denies the allegations set forth in paragraph 124 of the Complaint.

125. Baig denies the allegations set forth in paragraph 125 of the Complaint.

126. Baig denies the allegations set forth in paragraph 126 of the Complaint.

127. Baig denies the allegations set forth in paragraph 127 of the Complaint.

### COUNT V: BUSINESS CONSPIRACY PURSUANT TO VA CODE ANN. § 18.2-499

This Count has been dismissed and all allegations in paragraphs 128-133 are moot. To the extent the allegations are not deemed moot, they are denied.

### COUNT VI: COMMON LAW CONSPIRACY TO INDUCE BREACH OF CONTRACT

134. Baig incorporates by reference the responses set forth in paragraphs 1-133 herein.

135. Baig denies the allegations set forth in paragraph 135 of the Complaint.

136. Baig denies the allegations set forth in paragraph 136 of the Complaint.

137. Baig denies the allegations set forth in paragraph 137 of the Complaint.

138. Baig denies the allegations set forth in paragraph 138 of the Complaint.

### First Affirmative Defense

For the reasons set forth in Defendant's Motion to Transfer Venue or, in the Alternative, Dismiss for Failure to State a Claim, Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of illegality in that the alleged underlying contracts are invalid and unenforceable.

### Reservation of Additional Affirmative Defenses

Baig reserves the right to assert such further affirmative defenses as become known throughout the litigation of this matter.

**Request for Jury Trial**

Baig hereby requests a trial by jury.

**Prayer for Relief**

For the foregoing reasons, Defendant Mirza Baig requests that this Court enter judgment in his favor and against Plaintiffs on all counts, and provide such further relief as deemed just and proper, including an award of reasonable attorney's fees.

DATED:  November 7, 2013                                  Respectfully submitted,

                                                                                MIRZA BAIG
                                                                                By Counsel


                                                                                       /s/
                                                                                John Patrick Sherry, Esq.
                                                                                Attorney in Charge
                                                                                Virginia Bar No. 48768
                                                                                Federal Bar No. 2015671
                                                                                JPS Law PLLC
                                                                                10513 Judicial Drive, Suite 204
                                                                                Fairfax, Virginia 22030
                                                                                T: 703.385.4561
                                                                                F: 703.890.1596
                                                                                jpsherry@jpslaw.com
                                                                                *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 7th day of November 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following registered ECF user:

David N. Schultz
Law Offices of David N. Schultz
1747 Preuss Road
Los Angeles, California 90035
T: 310.839.3150
Schu1984@yahoo.com
*Counsel for Plaintiffs*

Margaret T. Brenner
Mark A. Font
Schirrmeister Diaz-Arrastia Brem, LLP
700 Milam Street, 10th Floor
Houston, Texas 77002
T: 713.221.2503
F: 713.228.3510
pbrenner@sdablaw.com
mfont@sdablaw.com
*Counsel for Plaintiffs*

Kevin F.X. DeTurris, Esq.
The Law Offices of Kevin F.X. DeTurris, LLC
43948 Riverpoint Drive
Leesburg, Virginia 20176
T: 571.252.8081
F: 571.252.8087
kdeturris@deturrislaw.com
*Counsel for Plaintiffs*

                                              /s/
                                      John Patrick Sherry, Esq.
                                      Attorney in Charge
                                      Virginia Bar No. 48768
                                      Federal Bar No. 2015671
                                      JPS Law PLLC
                                      10513 Judicial Drive, Suite 204
                                      Fairfax, Virginia 22030
                                      T: 703.385.4561
                                      F: 703.890.1596
                                      jpsherry@jpslaw.com
                                      *Counsel for Defendant*